[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11219
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cv-02715-EAJ

YOLANDA PENA,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 12, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Yolanda Pena appeals under 42 U.S.C. § 405(g) the district court's order

affirming the Social Security Administration's denial of her application for

disability benefits.  Pena raises two arguments:  (1) she contends the Administrative Law Judge (ALJ) erred in relying on testimony of a Vocational Expert (VE) about the number of available jobs Pena could perform given her Residual Functional Capacity (RFC); and (2) she claims the ALJ violated her right to due process by limiting her attorney's cross-examination of the VE.  For the reasons that follow, we affirm.

I.

When reviewing a decision of the Commissioner of Social Security (Commissioner) about a claimant's entitlement to disability insurance benefits, we ask whether "it is supported by substantial evidence and based on proper legal standards."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  To determine whether a claimant is disabled, the Commissioner conducts a sequential, five-step evaluation process.  *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  As relevant to Pena's appeal, in that process the Commissioner bears the burden of establishing that there are sufficient jobs in the national economy that the claimant can perform given her age, education, work experience, and RFC.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  The Commissioner "may rely solely on the VE's testimony" in making this decision.  *Jones*, 190 F.3d at 1230.

2

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). Pena does not contest that the ALJ's question to the VE in her case included all of her impairments. Nonetheless, she contends that the ALJ could not rely on the VE's testimony to find that she was not disabled.

Specifically, the VE testified that Pena could physically perform the jobs within the categories of sorter and semi-conductor assembler. But in testifying to the number of such jobs available, the VE reduced his estimate of the total number of jobs to account for Pena's limited grasp of English. The crux of Pena's argument is that, when limiting the total number of available jobs Pena indisputably could physically perform to account for her limited English skills, the VE was required to specify the formula he used to arrive at the reduced figure and the rationale for that formula for his conclusion to be reliable.

That level of statistical specificity is not required. In fact, the Social Security regulations clearly provide that a VE's knowledge and expertise may supply a reasoned basis for his conclusions. *See* 20 C.F.R. §§ 404.1560(b)(2) 404.1566(e); *see also Jones*, 190 F.3d at 1230 (explaining that a VE's testimony is critical and may be the "sole[]" basis for the Commissioner's decision because the

3

VE can supplement the *Dictionary of Occupational Titles* with more detailed "employment information from a personal survey, contact with employers and other VEs, and a survey of literature").

Here, the VE testified that he arrived at his estimates by consulting multiple sources of unquestioned reliability. Then, "based on [his] knowledge of these types of jobs in the economy, [he] did some reductions." As the ALJ clarified with the VE, that reduced estimate was based upon the VE's "experience" and "his personal knowledge of those jobs." In this case, the ALJ was entitled to rely upon the VE's testimony without requiring the VE to provide a comprehensive statistical explanation of how he arrived at the reduced job number figures. Accordingly, the Commissioner's decision was supported by substantial evidence.

## II.

In a social security case, "the ALJ has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). But we have indicated that "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995). To make this determination, we ask "whether the record reveals evidentiary gaps which result in unfairness or clear

4

prejudice." *Id.* (internal quotation marks omitted).

Pena contends[1] that the ALJ deprived her of the fully and fairly considered decision on her disability claim to which she was entitled and, therefore, that the ALJ violated her right to due process. At her hearing, Pena says, the ALJ cut short her attorney's cross-examination of the VE about how he arrived at his estimates of available jobs. As a result, she claims that she was not able to expose flaws in the VE's methodology. She also argues that the ALJ's interruption indicates that the ALJ had already accepted the VE's opinion without properly considering her contention that the opinion was speculative and lacked a proper foundation.

We conclude that Pena has not demonstrated that she was prejudiced because she has not shown there were any unfair or prejudicial evidentiary gaps in the record before the ALJ. Although the ALJ did instruct her attorney to move along, Pena's attorney fully elicited the sources and the methodology the VE had utilized in arriving at the available employment figures to which he testified.

---

[1] The Commissioner asks us to deem Pena's due process argument waived because, according to the Commissioner, Pena raises the argument for the first time on appeal. *See Crawford*, 363 F.3d at 1161. We disagree. In the memorandum of law Pena submitted to the district court, she asserted, among other things, that the ALJ had cut off too quickly her attorney's legitimate questions to the VE about the reliability of the VE's methods and that the ALJ had not been "open minded" to potential flaws in the VE's testimony. She argued the ALJ had thereby deprived her of the "full and fair decision" to which she was entitled. Although she did not specifically allege that she was deprived of due process, in this instance we are satisfied that she adequately raised in the district court the due process claim that she advances on appeal.

Thus, the ALJ had a full and fair record of the bases for the VE's opinion and sufficient information to evaluate their reliability.  There is no indication that Pena was prejudiced by the ALJ's management of the hearing.  Accordingly, we affirm.

**AFFIRMED**.